Texas & Pacific Railway Company v. W. R. Edrington.

Decided May 11, 1907.

**1.—Railroads—Damage to Adjacent Property.**

In a suit for damages to adjacent property by the operation of a railroad the exclusion of evidence tending to prove that the railroad company exercised ordinary care to avoid unnecessary smoke, noise, etc., was harmless error in view of the charge of the court that a recovery by plaintiff was authorized only in the event that defendant in the exercise of ordinary care necessarily produced smoke, noise, etc., to such an extent as to lessen the market value of plaintiff's property.

**2.—Same—Verdict.**

In a suit for damage to adjacent property by the operation of a railroad it does not necessarily follow that because the jury failed to find in plaintiff's favor on the issue of personal annoyance and inconvenience, it should also have found against him on the issue of depreciated value of his property.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*T. J. Freeman, W. L. Hall* and *Spoonts, Thompson & Barwise,* for appellant.—The court erred in charging the jury if they believed from the evidence that the supplying of water to defendant's engines from the water tanks with the exercise of ordinary care necessarily produced smoke and noise to such an extent as to cause personal discomfort and annoyance to any person who should occupy plaintiff's property and by reason thereof the market value of said property had been depreciated, then they should find for plaintiff damages. Rev. Stats., art. 4483; Missouri, K. & T. Ry. Co. v. Mott, 98 Texas, 91; Calcasieu Lumber Co. v. Harris, 77 Texas, 23; San Antonio & A. P. Ry. Co. v. Faires, 26 S. W. Rep., 82; St. Louis, S. F. & T. Ry. Co. v. Shaw, 99 Texas, 559; Oklahoma, C. & T. Ry. Co. v. Dunham, 13 Texas Ct. Rep., 645; Grossman v. Houston, O L. & M. P. Ry. Co., 99 Texas, 641; Cassidy v. Old Colony Ry. Co., 141 Mass., 177; Boston v. Richardson, 13 Allen, 146; Lewis' Em. Domain (2d ed.), sec. 576; Oklahoma, C. & T. Ry. Co. v. Scarborough, 16 Texas Ct. Rep., 506.

*Robt. G. Johnson,* for appellee.

SPEER, Associate Justice.—The principal question involved in this appeal was certified by us to the Supreme Court and a reference to such certificate will disclose fully the nature of the controversy. The decision of the Supreme Court on such certificate disposes of most of the questions raised and we will content ourselves with a discussion of those questions not embraced in the certificate.

By the fourth assignment of error appellant complains that it should have been permitted to prove by its witness George Deats, who was its general foreman at Fort Worth and had control of all engines coming into Fort Worth and of all switch engineers, that he had given orders and instructions to his engineers as to how they should handle their engines at the water tanks, and if it were brought to his knowledge that the engineers cleaned their fires or blew their engines out there, he would have disciplined such engineers. The testimony no doubt had a bearing upon the question of negligence in unnecessarily cleaning fires or blowing engines at the water tanks, but under the charge of the trial court this was an immaterial issue, since a recovery by appellee was authorized only in the event that appellant in the exercise of ordinary care necessarily produced smoke, noise, etc., to such an extent as to lessen the market value of his property, etc.

It does not necessarily follow that because the jury failed to find in appellee's favor on the issue of personal annoyance and inconvenience, it also should have found against him on the issue of depreciated value of his property. The evidence is sufficient to support the finding that the property was depreciated in the amount of the verdict and appellant can not complain that the jury should have found otherwise on the other issue.

Upon the answer of the Supreme Court to the questions certified, and our own conclusions upon the others, the judgment is in all things affirmed.

*Affirmed.*

Conner, Chief Justice, not sitting.
Writ of error refused.